Geljen SHERPA, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

No. 11–4942 NAC.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2013.

Ramesh Shrestha, New York, NY, for
Petitioner.

Stuart F. Delery, Acting Assistant, At-
torney General; Holly M. Smith, Senior
Litigation Counsel; Remi Da Rocha–Afo-
du, Attorney, Office of Immigration Litiga-
tion, United States Department of Justice,
Washington, DC., for Respondent.

PRESENT: ROBERT D. SACK,
BARRINGTON D. PARKER, and
DEBRA ANN LIVINGSTON, Circuit
Judges.

## SUMMARY ORDER

Geljen Sherpa, a native and citizen of
Nepal, seeks review of a November 4,
2011, decision of the BIA denying his mo-
tion to reopen. *In re Geljen Sherpa*, No.
A099 928 380 (BIA Nov. 4, 2011). We
assume the parties' familiarity with the
underlying facts and procedural history of
this case.

We review the BIA's denial of Sherpa's
motion to reopen for abuse of discretion.
*Ali v. Gonzales*, 448 F.3d 515, 517 (2d
Cir.2006) (per curiam). An alien may file
only one motion to reopen and must do so
within 90 days of the agency's final admin-
istrative decision. 8 U.S.C. § 1229a
(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Al-
though Sherpa's motion was indisputably
untimely because it was filed more than
two years after the agency's final order of
removal, there is no time limitation if the
motion is "based on changed country con-
ditions arising in the country of nationality
or the country to which removal has been
ordered, if such evidence is material and
was not available and would not have been
discovered or presented at the previous
proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii);
*see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's conclusion
that Sherpa failed to demonstrate materi-
ally changed conditions that would excuse
the untimely filing, as the record evidence
did not indicate a change in conditions in
Nepal, but rather reflected a continuation
of instability caused by the Maoists, which
existed at the time of Sherpa's merits
hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii);
8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S–Y–
G–*, 24 I & N Dec. 247, 253 (BIA 2007)
(noting that in evaluating evidence of
changed country conditions, the BIA "com-
pare[s] the evidence of country conditions
submitted with the motion to those that
existed at the time of the merits hearing

below"); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Nor did the BIA abuse its discretion in declining to give probative weight to Sherpa's documents submitted in support of his motion, as the IJ had questioned Sherpa's credibility in the underlying proceedings and the documents were not authenticated by any means. *See Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir.2007) (relying on the doctrine of *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir.2005).

Accordingly, the BIA did not abuse its discretion in denying Sherpa's motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).